IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| ANN MARIE MYERS, | : | Case No. 1:18-cv-144 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO, N.A., *et al.* | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION TO ALLOW TRIAL TESTIMONY OF WITNESSES VIA LIVE VIDEO-CONFERENCE (DOC. 102)

This case is before the Court on Plaintiff's Motion to Allow Trial Testimony of Certain Witnesses Via Live Video-Conference (Doc. 102) filed by Plaintiff Ann Marie Myers ("Ms. Myers") pursuant to Federal Rule of Civil Procedure 43(a).

It is well-settled that the presumption for a trial is that it occur in person, in open court. Federal Rule of Civil Procedure 77(b) provides that "[e]very trial on the merits must be conducted in open court . . . ." This Court may deviate from the requirement of a live trial if, in its discretion, there exists "good cause in compelling circumstances with appropriate safeguards," and then testimony may be taken from a different location via "contemporaneous transmission," such as video-conferencing. *See* Fed. R. Civ. P. 43(a). Nonetheless, as the 1996 Advisory Committee Note explains, "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and presence of the factfinder may exert a powerful force and truthtelling. The opportunity

to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 amendment. Thus, permitting a contemporaneous transmission in lieu of live testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend trial." *Id.* Lastly, the Notes explain that "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.* The determination of "[w]hether . . . to conduct testimony by video transmission is within the sound discretion of the trial court, reviewable only for abuse of discretion." *Ohio A. Philip Randolph Inst. v. Householder*, 2019 U.S. Dist. LEXIS 29086 (S.D. Ohio 2019).

Ms. Myers seeks to present three witnesses via live video-conference: Mr. Busque, the broker who assisted Ms. Myers in obtaining her mortgage, first discovered the errors on her credit report, and currently resides in Michigan; Mr. Burik, one of Ms. Myers's treating therapists who resides in Cincinnati, Ohio, but is experiencing health issues that limit his mobility and render him homebound; and Dr. Olshavsky, Ms. Myers's treating physician and the Medical Director at The Christ Hospital Network in Cincinnati, Ohio. While the Court acknowledges that Ms. Myers has identified a reason for each to testify via video-conference, the Court does not agree that they rise to the level of "good cause in compelling circumstances."

Having reviewed the parties' arguments and applicable caselaw, in the interest of justice and fair presentation of evidence to the jury, the Motion to Allow Trial Testimony of Certain Witnesses Via Live Video-Conference (Doc. 102) is hereby **DENIED**. However,

2

the Court will make reasonable accommodations for any and all witnesses to testify live, especially those suffering from serious medical conditions.  Additionally, at the Plaintiff's request, the Court would be inclined to accept a trial deposition in place of live testimony for the witnesses at issue in Plaintiff's Motion.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND