IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANN MARIE MYERS, | : |
| *Plaintiff*, | : Case No. 1:18-cv-00144 |
| vs. | : Judge Jeffery P. Hopkins |
| AMERICAN EDUCATION SERVICES, | : |
| *Defendant*. | : |

**ORDER**

This matter is presently before the Court on Plaintiff's unopposed motion for leave to seal Defendant's motions in limine and exhibits containing confidential materials (Doc. 179). Plaintiff alleges that certain motions and exhibits containing confidential information relating to her medical history should be redacted or sealed to protect her privacy interests. For the reasons stated below, Plaintiff's motion (Doc. 179) is **GRANTED**.

**I.     LAW AND ANALYSIS**

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81).

Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

There are two motions in limine with accompanying exhibits at issue here.[1] *See* Docs. 151, 152. These motions refer to Plaintiff's confidential medical information. Two exhibits attached thereto (Exhibit 3 to Doc. 151 and Exhibit 1 to Doc. 152) contain medical records and treatment documents. Exhibit 1 also includes the deposition transcript for John Burik, Plaintiff's treating therapist, wherein he testified to his clinical observations, diagnoses, and treatment decisions. Plaintiff argues, without opposition from Defendant, that public disclosure of this information would harm her privacy interests. Doc. 179-1, PageID 2405–07. Having reviewed the motions and the accompanying exhibits *in camera*, the Court agrees that there is a compelling interest in redacting or sealing these documents, that such interest

---

[1] Defendant also filed a motion *in limine* to establish authenticity and admissibility of Trans Union records. *See* Doc. 155. Because the motion and accompanying exhibits contained personal financial information, Plaintiff also sought for this motion and related exhibits to be filed under seal or redacted. The parties, however, have since entered into a stipulation (Doc. 181) that renders Defendant's motion *in limine* as moot. As a result, the Court need not address whether the motion and accompanying exhibits shall be subject to seal or redactions.

outweighs the public's interest, and that Plaintiff's requests to seal or redact these documents are narrowly tailored. *See Kondash*, 767 F. App'x at 638.

Looking to the strong federal policy protecting the non-disclosure of private health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the strict state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), it is clear that there is a compelling interest in sealing the documents that contain Plaintiff's medical information. *See Swartz v. E. I. Du Pont de Nemours & Co. (In re E. I. Du Pont de Nemours & Co.)*, No. 2:13-MD-2433, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019); *see also Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, No. 2:17-cv-70, 2021 WL 4260422 (S.D. Ohio Sept. 20, 2021). This Court's *in camera* review of those documents confirms that the importance of protecting Plaintiff's private health information outweighs the public's interest in accessing medical records, treatment documents, and testimony related thereto. Plaintiff seeks only to redact Defendant's motions to the extent that they describe her private health information and to seal the accompanying exhibits. Plaintiff's request to seal is therefore no broader than necessary to protect her privacy interests. Even absent direct reference to Plaintiff's specific medical information, the publicly-filed pleadings and briefs will adequately serve the public's minimal interest in this litigation.

## II. CONCLUSION

Plaintiff's unopposed motion seeking leave to seal or redact Defendant's motions in limine and exhibits (Doc. 179) is therefore **GRANTED**. Accordingly, Defendant shall file redacted motions in limine (*see* Docs. 151, 152) that exclude reference to Plaintiff's confidential medical information. Defendant shall also file Exhibit 3 to Defendant's motion in limine to preclude testimony and records of medical professionals (*see* Doc. 151), and

Exhibit 1 to Defendant's motion in limine to preclude testimony of John Burik (*see* Doc. 152), under seal.

  **IT IS SO ORDERED.**

June 11, 2024

                  Jeffery P. Hopkins
                  United States District Judge